IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD COOKE ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 12-459-KD-N |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Respondents, ) | |

REPORT AND RECOMMENDATION

Plaintiff filed this §1983 action (doc. 1) in a handwritten document which was titled as a petition for habeas relief on July 7, 2012. In an order (doc. 3) dated August 1, 2012, the court determined (doc. 3) that the requested relief was not available in a habeas action. That order also required plaintiff to pay the filing fee or file a motion for leave to proceed in forma pauperis; it also required plaintiff to refile his action on the court's form.

By order (doc. 4) dated August 7, 2012, the court ordered plaintiff to complete and file this court's form for a claim pursuant to 42 U.S.C. §1983 for the relief he had previously requested in his original hand-written "Petition for Writ of Habeas Corpus." The court entered another similar order (doc. 5) on October 30. 2012, after plaintiff failed to comply. The court cautioned that failure to file his complaint by that date would result in a recommendation that this action be dismissed.

To date, plaintiff has failed to comply with the court's orders. Accordingly, it is hereby RECOMMENDED that the court dismiss this action without prejudice for failure to comply with the orders of this court, and for failure to pay the filing fee. The court has attempted to gain

compliance repeatedly, without any success, and finds that no lesser sanction is available which would suffice.  See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

*See* **Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE this the 3rd day of January, 2013.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C.§ 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.